FILED IN MY OFFICE
DISTRICT COURT CLERK
10/27/2015 3:11:24 PM
STEPHEN T. PACHECO
Bernadette Hernandez

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT

CASE NO.: D-117-CV-2015-00361

JOHN VIGIL,

Plaintiff,

vs.

THE CITY OF ESPANOLA and
OFFICER GREG ESPARZA, in his
official and individual capacities,

Defendants.

**COMPLAINT FOR PERSONAL INJURIES
AND CIVIL RIGHTS VIOLATIONS**

John Vigil, by his attorney, Lee R. Hunt, Esq., files this Complaint for Personal Injuries and Civil Rights Violations as a result of his wrongful arrest on October 28, 2013, stating as follows:

**INTRODUCTION**

1. This is a civil rights action brought by Plaintiff John Vigil to seek relief from the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983 and the rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the rights secured under the Constitution of the State of New Mexico, and the Common Law of the State of New Mexico. Plaintiff seeks compensatory and punitive damages and such other relief as this Court deems just.

EXHIBIT A

2. Plaintiff brings this action to challenge constitutional violations by Officer Greg Esparza in wrongfully arresting, wrongfully charging and physically assaulting Mr. Vigil after a traffic accident. Officer Esparza became enraged when Mr. Vigil asked for his badge number. Officer Esparza's conduct was shocking and clearly not an isolated incident.

**JURISDICTION**

3. Jurisdiction is conferred upon this Court by the fact that all events occurred within Rio Arriba County and Plaintiff is a resident of Rio Arriba County.

**NOTICE OF CLAIM**

4. Within the statutory time period to provide notice of a claim, Plaintiff notified the City of Espanola, by delivering copies of the notice, to persons designated by law to receive such notice.

**PARTIES**

5. Plaintiff John Vigil is a resident of the State of New Mexico, Rio Arriba County.

6. Defendant City of Espanola is a municipal corporation duly incorporated and authorized under the laws of the State of New Mexico. The City of Espanola is authorized under the laws of the State of New Mexico to maintain a police department. The Espanola City Police Department acts as its agent in the area of law enforcement and the City is ultimately responsible for it and its agents/employees. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

7. At all relevant times, the City of Espanola and its police department hired, employed, supervised and controlled Officer Esparza.

8. Defendant Police Officer Greg Esparza ("Esparza") is and/or was at all relevant times an officer, employee, and agent of the City of Espanola Police Department, a municipal agency of the City. Officer Esparza is sued in his individual and official capacities. At all relevant times, Defendant Esparza was acting under the color of state law in the course and scope of his duties and functions as an agent, employee and officer of the City of Espanola and/or the Espanola Police Department in engaging in the conduct described herein. At all times relevant, Defendant Esparza acted for, or on behalf of, the City and/or the Espanola Police Department with the power and authority vested in him as an officer, agent and employee of the City and/or the Espanola Police Department.

**STATEMENT OF FACTS**

9. On October 28, 2013 at approximately 3:50, Mr. Vigil was driving his pickup truck on Riverside Drive near the Walmart in Espanola. As the traffic on Riverside Drive slowed, Mr. Vigil came to a stop. Another vehicle driving on the same road failed to stop in time and rear ended Mr. Vigil's vehicle.

10. Officer Greg Esparza pulled up to the crash scene.

11. After Officer Esparza arrived on the scene, Mr. Vigil got out of his vehicle and went over to speak with Officer Esparza.

12. Mr. Vigil approached Officer Esparza and attempted to talk to Officer Esparza in normal conversation. Mr. Vigil attempted to shake hands and introduced himself as John Vigil. Officer Esparza took an aggressive stance towards Mr. Vigil and said "I don't shake hands".

13. Rather than interact with a citizen in a normal fashion, Officer Esparza immediately treated Mr. Vigil as if he was a criminal suspect. Officer Esparza began demanding that Mr. Vigil back away and demanded Mr. Vigil to stay at his vehicle.

14. John Vigil at all times followed the commands of Officer Esparza. Mr. Vigil remained at his vehicle as he was instructed.

15. Officer Esparza became incensed that John Vigil asked for his badge number and questioned his conduct. In direct retaliation against Mr. Vigil, with no probable cause, and as an unlawful show of authority, Officer Esparza placed John Vigil under arrest.

16. At all times during the encounter with Defendant Esparza, John Vigil acted in a lawful manner. Mr. Vigil did nothing that any reasonable officer could have interpreted as assault on a peace officer, aggravated assault on a peace officer or disorderly conduct. Moreover, no probable cause existed for the wrongful arrest.

17. After Mr. Vigil was placed under arrest, Mr. Vigil told the officer that he had the keys to his truck on his belt and asked the officer to push the button to lock the truck. Given the outrageous conduct by Officer Esparza, Mr. Vigil legitimately feared that Officer Esparza would plant false evidence in his truck.

18. After Mr. Vigil initially tried to push the button with his hands in cuffs, he asked that Officer Esparza assist him and press the button.

19. When Officer Esparza looked at Mr. Vigil's keys, he saw a green folding knife that Mr. Vigil used for work. This type of knife is commonly referred to as a pen knife.

20. Officer Esparza reached into Mr. Vigil's pocket, grabbed the knife and the keys placed them on the hood of the vehicle and said to Mr. Vigil "Now it's assault with a deadly weapon."

21. When Officer Esparza grabbed Mr. Vigil's hand, he jerked Mr. Vigil's fingers back and broke bones in Mr. Vigil's hand.

22. Plaintiff was processed and held in jail until his arraignment in Rio Arriba County criminal court.

23. All criminal complaints, allegations and charges were sworn to under oath by Defendant Esparza as true, even though he knew they were false.

24. Furthermore, Officer Esparza continued to state the false allegations when he was interviewed by the newspaper.

25. All charges were dismissed against John Vigil.

26. Mr. Vigil was required to appear in court related to the false criminal charges against him. He incurred legal and other expenses as a result of his wrongful arrest and prosecution.

27. At all times herein, Officer Esparza had no cause, let alone probable cause or reasonable suspicion, to arrest, exercise force, charge or detain Plaintiff. His actions were based on malice and bad faith and were only supported by the false statements he made under oath.

28. The conduct of Officer Esparza in restraining, arresting, striking, threatening and prosecuting John Vigil caused physical, emotional and financial injury, as well as serious physical and emotional pain and suffering, mental anguish, humiliation and deprivation of his constitutional rights. Plaintiff Vigil suffered trauma and humiliation as a result of being publicly arrested without any cause, assaulted, unlawfully imprisoned, injured, maliciously prosecuted and publicly slandered by Defendant Esparza.

29. At all times relevant, Defendant Esparza acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to John Vigil's rights and physical and mental wellbeing by arresting, assaulting, imprisoning and prosecuting Plaintiff Vigil.

30. The actions of Officer Esparza were the result of the failure of the City of Espanola's Police Department to properly train, supervise and discipline its officers, including Defendant Esparza. This failure to train, supervise and discipline is a consequence of the deliberate policies and practices of the Defendant City of Espanola and its police department. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of Defendant Esparza.

31. At all relevant times, Defendant City of Espanola, acting through its police department, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights. Defendant Esparza's unlawful actions were done willfully, knowingly and with a specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

32. The constitutional abuses and violations by Defendant City of Espanola, through the actions of its police department and Defendant Esparza were, and are, directly caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of Espanola, including the failure: (a) to adequately supervise and train its officers and agents, including the defendant, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendant; and (c) to adequately and properly investigate citizen complaints of police misconduct, thereby tolerating acts of misconduct.

33. Upon information and belief, Defendant City of Espanola has, acting through its police department, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully arresting individuals who exercised their rights

under the First Amendment and of unlawfully arresting individuals and charging them with assault on a police officer when no probable cause or reasonable basis existed for such charges.

34. Defendant Esparza's unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

35. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by the defendants, the plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DUE PROCESS VIOLATION

**42 U.S.C. § 1983 and Fifth and Fourteenth Amendments**
**by Plaintiff against Defendant Esparza**

36. Plaintiff repeats and re-alleges by reference all previous paragraphs as if fully set forth here.

37. The acts of Officer Esparza, under color of state law, in arresting Plaintiff Vigil, verbally abusing Plaintiff, and in physically assaulting him were undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to the plaintiff in violation of his constitutional rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Through these actions, Defendant Esparza is liable for a violation of 42 U.S.C.

§ 1983 which prohibits the deprivation under color of state law of rights secured by the United States Constitution.

38. As a consequence of the individual Defendant's actions, Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by Defendant.

39. As a direct and proximate result of Defendant Esparza's unlawful actions, Plaintiff has suffered, and will continue to suffer damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST**

**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments**
**by Plaintiff against Defendant Esparza**

40. Plaintiff repeats and re-alleges by reference all previous paragraphs as if fully set forth here.

41. The acts of Officer Esparza, as described herein, and acting under color of state law, deprived Plaintiff of his right to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as protected by the Fourth and Fourteenth Amendments. Defendant Esparza is liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under the color of state law of rights secured under the United States Constitution.

42. As a direct and proximate result of Defendant Esparza's unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

**THIRD CLAIM FOR RELIEF**
**EXCESSIVE FORCE**

**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments**
**by Plaintiff against Defendant Esparza**

43. Plaintiff repeats and re-alleges by reference all previous paragraphs as if fully set forth here.

44. The acts of Officer Esparza, as described herein, and acting under color of state law, deprived Plaintiff of his right to be free from excessive force in the course of an arrest as protected by the Fourth and Fourteenth Amendments. Defendant Esparza is liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under the color of state law of rights secured by the United States Constitution.

45. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

**FOURTH CLAIM FOR RELIEF**
**MONELL CLAIM**

46. Plaintiff repeats and re-alleges by reference all previous paragraphs as if fully set forth here.

47. At all relevant times, Defendant City of Espanola, acting through its police department, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused the violation of such rights.

48. Defendant's unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

49. The constitutional abuses and violations by Defendant City of Espanola, through the actions of its police department and Defendant Esparza, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of Espanola, including the failure: (a) to adequately supervise and train its officers and agents, including Defendant Esparza, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendant Esparza; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, (d) to tolerate acts of misconduct by its officers and/or agents.

50. Upon information and belief, Defendant City of Espanola has, acting through its police department, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully arresting, without reasonable suspicion or probable cause, individuals who exercised their rights under the First Amendment and of individuals who questioned police authority.

51. Defendant's unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

52. Defendants have acted with deliberate indifference to the constitutional rights of the plaintiff. As a direct and proximate result of the acts as stated herein by each of the defendants, the plaintiff's constitutional rights have been violated which have caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

**FIFTH CLAIM FOR RELIEF**

**New Mexico State Constitution**

53. Plaintiff repeats and re-alleges by reference all previous paragraphs as if fully set forth here.

54. The acts of Defendants, as described herein, acting under color of law, and subjecting Plaintiff to unlawful search and seizure, arrest and excessive force by physically assaulting Plaintiff were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious bodily harm, pain and suffering to the Plaintiff in violation of his constitutional rights as guaranteed by the Constitution of the State of New Mexico.

**SIXTH CLAIM FOR RELIEF**

**State Common Law Claims**

55. Plaintiff repeats and re-alleges by reference all previous paragraphs as if fully set forth here.

56. As described herein, Defendant Esparza and the City of Espanola are liable to Plaintiff for having committed an unlawful arrest and for using excessive force in violation of the laws of the State of New Mexico.

57. Defendants maliciously commenced criminal proceedings against Plaintiff, wrongfully charging him with assault on a police officer and assault with a deadly weapon. Defendants falsely and without probable cause charged Plaintiff with violations of the laws of the State of New Mexico.

58. Defendant Esparza unlawfully assaulted John Vigil, including breaking bones in his hand, for no legitimate reason and without any justification under the law. Defendant City of Espanola, as employer of Defendant Esparza, is responsible for his wrongdoing under the

Doctrine of Respondeat Superior. The conduct of Defendant Esparza occurred while he was on duty and in uniform, in and during the course and scope of his duties and functions as a City of Espanola Police Officer and while he was acting as an agent and employee of Defendant City of Espanola. Defendant City of Espanola is liable to Plaintiff and no immunity exists for this claim pursuant to the New Mexico Tort Claims Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. A declaration that Defendant's conduct violated the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Plaintiff's rights under the New Mexico State Constitution and State Common Law in the manners alleged herein, upon consideration of the evidence produced at trial or otherwise;

B. Award Plaintiff compensatory damages against the defendants, including, but not limited to any emotional distress, pain and suffering, compensable costs related to criminal defense, and any other compensatory damages as permitted by law and according to proof at trial;

C. Award Plaintiff punitive damages; and

D. Award costs of suit pursuant to 42 U.S.C. § 1920 and 1988; award attorney's fees pursuant to 42 U.S.C. § 1988; and, award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Respectfully submitted,

LEE HUNT LAW, LLC

By: ______/s/________________

Lee R. Hunt, Esq.
518 Old Santa Fe Trail, #501
Santa Fe, New Mexico 87505
Phone: (505) 954-4868
Fax: (505) 819-0022
lee@leehuntlaw.com

*Attorney for Plaintiff*