IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN VIGIL

    Plaintiff,

v.                                        Cause No.: 16-CV-00067 KK/LF

THE CITY OF ESPANOLA, and
OFFICER GREG ESPARZA, in his
Official and individual capacities

    Defendants.

## ANSWER TO PLAINTIFF'S COMPLAINT FOR
## PERSONAL INJURIES AND CIVIL RIGHTS VIOLATIONS

**COME NOW** the City of Espanola and Officer Greg Esparza (Defendants), through their undersigned counsel, Brennan & Sullivan, P.A. (James P. Sullivan), and for their Answer to Plaintiff's Complaint for Personal Injuries and Civil Rights Violations, state as follows:

1. Referencing paragraph 1 of the Complaint, Defendants admit that Plaintiff has brought a Civil Rights action pursuant to various federal and state constitutional and statutory claims, including common law claims; however, Defendants deny any wrongdoing or liability.

2. Defendants deny paragraph 2 of the Complaint.

3. Referencing paragraph 3 of the Complaint, Defendants would affirmatively state that this matter has been removed to the United States District Court for the District of New Mexico, which has jurisdiction.

4. Referencing paragraph 4 of the Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the allegations at this time.

5. Defendants admit paragraph 5 of the Complaint.

6. Referencing paragraph 6 of the Complaint, Defendants admit the first two sentences contained therein. Defendants object to the remaining statements contained in paragraph 6 as they are legal conclusions for which no response is required. To the extent a response is required, those statements are denied.

7. Defendants admit paragraph 7 of the Complaint.

8. Referencing paragraph 8 of the Complaint, while Defendants admit the statements contained therein, Defendants deny any liability or wrongdoing.

9. Referencing paragraph 9 of the Complaint, Defendants admit the statements contained in the first sentence. With respect to the remaining allegations of paragraph 9 of the Complaint, Defendants, having no personal knowledge of exactly what transpired with respect to this vehicular accident, can neither admit nor deny those allegations at this time.

10. Defendants admit paragraph 10 of the Complaint.

11. Defendants deny paragraph 11 of the Complaint.

12. Referencing paragraph 12 of the Complaint, in so far as the allegations contained therein suggest that immediately after Officer Esparza arrived at the scene, that Vigil exited his vehicle, approached Officer Esparza, tried to engage him in a normal conversation, and attempted to shake hands with him causing Officer Esparza to take an aggressive stance, those allegations are denied.

13. Defendants deny paragraph 13 of the Complaint.

14. Defendants deny paragraph 14 of the Complaint.

15. Referencing paragraph 15 of the Complaint, Defendants admit that Plaintiff asked for Officer Esparza's badge number; Defendants deny the remaining allegations contained therein.

16. Defendants deny paragraph 16 of the Complaint.

17. Defendants deny paragraph 17 of the Complaint.

18. Defendants deny paragraph 18 of the Complaint.

19. Referencing paragraph 19 of the Complaint, Defendants admit that Officer Esparza saw a green folding knife; Defendants deny the remaining allegations contained therein.

20. Referencing paragraph 20 of the Complaint, Defendants admit that Officer Esparza took the knife from Plaintiff, but deny the remaining allegations contained therein.

21. Referencing paragraph 21 of the Complaint, Defendants admit that Officer Esparza grabbed Mr. Vigil's hand, but deny the remaining allegations contained therein.

22. Defendants admit paragraph 22 of the Complaint.

23. Referencing paragraph 23 of the Complaint, Defendants admit that a criminal complaint and charges were sworn to by Defendant Esparza, but deny the remaining allegations contained therein.

24. Defendants deny paragraph 24 of the Complaint.

25. Defendants admit paragraph 25 of the Complaint.

26. Defendants deny paragraph 26 of the Complaint.

27. Defendants deny paragraph 27 of the Complaint.

28. Defendants deny paragraph 28 of the Complaint.

29. Defendants deny paragraph 29 of the Complaint.

30. Defendants deny paragraph 30 of the Complaint.

31. Defendants deny paragraph 31 of the Complaint.

32. Defendants deny paragraph 32 of the Complaint.

33. Defendants deny paragraph 33 of the Complaint.

34. Defendants deny paragraph 34 of the Complaint.

35. Defendants deny paragraph 35 of the Complaint.

36. Referencing paragraph 36 of the Complaint, Defendants reassert their answers to paragraphs 1 through 35 of the Complaint as if fully stated herein.

37. Defendants deny paragraph 37 of the Complaint.

38. Defendants deny paragraph 38 of the Complaint.

39. Defendants deny paragraph 39 of the Complaint.

40. Referencing paragraph 40 of the Complaint, Defendants reassert their answers to paragraphs 1 through 39 of the Complaint as if fully stated herein.

41. Defendants deny paragraph 41 of the Complaint.

42. Defendants deny paragraph 42 of the Complaint.

43. Referencing paragraph 43 of the Complaint, Defendants reassert their answers to paragraphs 1 through 42 of the Complaint as if fully stated herein.

44. Defendants deny paragraph 44 of the Complaint.

45. Defendants deny paragraph 45 of the Complaint.

46. Referencing paragraph 46 of the Complaint, Defendants reassert their answers to paragraphs 1 through 45 of the Complaint as if fully stated herein.

47. Defendants deny paragraph 47 of the Complaint.

48. Defendants deny paragraph 48 of the Complaint.

49. Defendants deny paragraph 49 of the Complaint.

50. Defendants deny paragraph 50 of the Complaint.

51. Defendants deny paragraph 51 of the Complaint.

52. Defendants deny paragraph 52 of the Complaint.

53. Referencing paragraph 53 of the Complaint, Defendants reassert their answers to paragraphs 1 through 52 of the Complaint as if fully stated herein.

54. Defendants deny paragraph 54 of the Complaint.

55. Referencing paragraph 55 of the Complaint, Defendants reassert their answers to paragraphs 1 through 54 of the Complaint as if fully stated herein.

56. Defendants deny paragraph 56 of the Complaint.

57. Defendants deny paragraph 57 of the Complaint.

58. Defendants deny paragraph 58 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's injuries and damages were the result of Plaintiff's negligence, or the negligence of another third party, thereby barring the relief requested or reducing it some percentage extent depending upon the degree of fault apportioned to Plaintiff or other third parties pursuant to the rules of pure comparative negligence adopted by the State of New Mexico.

## SECOND DEFENSE

Plaintiff's Complaint is barred by its failure to comply with the notice provision of the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

## THIRD DEFENSE

Plaintiff's Complaint for damages is limited pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

## FOURTH DEFENSE

Plaintiff has failed to mitigate damages thereby barring or reducing any recovery.

## FIFTH DEFENSE

Some or all of the Plaintiff's causes of action are barred and Defendants have been conferred immunity from suit pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

## SIXTH DEFENSE

Defendants' actions were privileged.

## SEVENTH DEFENSE

Plaintiff's condition was pre-existing, thereby limiting recovery to an aggravation thereof.

## EIGHTH DEFENSE

Based upon allegations contained in the Complaint, the individual Defendants are entitled to qualified immunity.

**WHEREFORE**, Defendants request that Plaintiff's Complaint be dismissed with prejudice, for costs of suit, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ James P. Sullivan*
James P. Sullivan
Frank D. Weissbarth
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
*Attorneys for Defendants*
*The City of Espanola and Greg Esparza*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of February, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lee Hunt, Esq.
518 Old Santa Fe Trail, #501
Santa Fe, NM 87505
lee@leehuntlaw.com
*Attorney for Plaintiff*

By: */s/ James P. Sullivan*
James P. Sullivan