UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN VIGIL,

    Plaintiff,

v.                                                          Case No. 1:16-CV-00067-JB-LF

THE CITY OF ESPANOLA and
OFFICER GREG ESPARZA, in his
official and individual capacities,

    Defendants.

## PLAINTIFF'S MOTION TO REMAND AND
## MEMORANDUM IN SUPPORT THEREOF

**I.    Factual/Procedural Background**

This case arises from the wrongful arrest, assault and unreasonable force used against John Vigil by Officer Greg Esparza on October 28, 2013. Counsel for Defendants filed its Notice of Removal in this Court on January 29, 2016, which was 92 days after both Defendants were lawfully served with process. Counsel represents both Defendants and certainly acknowledges that the City of Espanola not only failed to timely remove, they also failed to timely answer the Complaint. The City was served on October 29, 2015 and the time for removal lapsed on November 30, 2015. Despite the clear deadlines for the City of Espanola, it failed to comply.

At the same time as the City was served, process server Dewayne Zimitski, spoke to the City Clerk's Authorized Agent. Mr. Zimitski asked where the police station was in order to serve Defendant Esparza. The City Clerk's Agent instructed Mr. Zimitski that she was authorized and regularly accepted service on behalf of both the City of Espanola and the

Espanola Police Department. She further instructed Mr. Zimitski that he did not need to go to the police station and that she, as an agent for the City of Espanola, was authorized to accept service.

Mr. Zimitski has attached an Affidavit (Ex. 1) that states as follows:

7. I asked where the police station was located. The City Clerk's Agent advised me that she was authorized to accept service on behalf of the police department and individual officers.

8. I confirmed that she could accept service and provided the Summons (issued to Officer Esparza) and Complaint to the City Clerk's Agent. The Summons was signed and she assured me that the documents would be provided to the appropriate people.

9. I specifically asked whether I should go over to the police officer's building and was advised that there was no need to go to the police station because the City Clerk's office accepted service for the officers.

The City Clerk then failed to adequately process the Complaint and Summons. Plaintiff did not move for default judgment and, instead, waited for the papers to arrive with counsel.

**II. Legal Standard – Presumption Against Removal Jurisdiction**

Federal removal jurisdiction is statutory in nature and must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005) ("It is well established that the statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."). A party invoking federal jurisdiction has the burden of establishing its propriety. *See Montayo v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). That burden, moreover, is a heavy one. *Fajen v. Found. Reserve Ins.*, 683 F.2d

331, 333 (10th Cir. 1982) (observing that "all doubts are to be resolved against removal"). The Courts will assume as true all allegations in the complaint, resolving all doubts in favor of remand. *Laughlin,* 50 F.3d at 873.

Courts employ a presumption against removability. *Laughlin,* 50 F.3d at 873; *Fajen,* 683 F.2d at 333 (observing that "all doubts are to be resolved against removal"). A notice of removal must be filed within "30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading" 28 U.S.C. § 1446(b).

### III. Defendants Failed to Timely Remove Case to Federal Court

Without question, Defendants failed to meet the 30-day time period to file for removal based upon the October 29, 2015 date of service. The defendants' only hope is that this Court will find that Plaintiff's reliance upon the Espanola City Clerk's Office in serving a City of Espanola Police Officer in his official and individual capacities is somehow deemed improper.

A similar issue was addressed in *Moreno v. Taos Cty. Bd. Comm.,* 778 F. Supp. 2d 1139 (D.N.M. 2011). In that case, the Court found that the failure to get an individual officer's consent to removal was not necessary because the service was ineffective. The service for the individual officer was attempted through the Taos County Administration office. The Court noted that NMRA, Rule 1-004 was the important Rule for purposes of service.

In this case, the facts are not the same. The City Clerk's Office represented its authority to accept service for Officer Esparza. Also, Officer Esparza is sued in both his individual and official capacities. As an official capacity claim is a claim against the office, then service on the office would be sufficient. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159 (1985). In this context, when the City Clerk's Agent represented that she could accept

3

on behalf of the City of Espanola Police Department, the representation was reasonable and she was acting as an appointed agent for the City of Espanola Police Department. NMRA, Rule 1-004H(1)(g) states that service may be had upon a "municipal corporation by serving a copy of the process to the city clerk, town clerk or village clerk." Mr. Zimitski did just that and complied with the rules. The defendants failed to timely answer, failed to timely remove and should not be permitted an extension based upon the Plaintiff's reasonable reliance upon the City Clerk's representations and conformity with Rule 1-004.

WHEREFORE, Plaintiff respectfully requests that this Court find that service on October 29, 2015 was proper and the Removal, filed 92 days later, was ineffective. This Court should grant Plaintiff's Motion to Remand and return this case to State Court for further proceedings. Additionally, this Court should grant attorney fees and costs for the Removal and the costs incurred in having the case remanded to State Court.

Respectfully submitted,

/s/ *Lee R. Hunt*
Lee R. Hunt, Esq.
518 Old Santa Fe Trail, #501
Santa Fe, New Mexico 87505
P: (505) 954-4868
F: (505) 819-0022
lee@leehuntlaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22 day of February 2016, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Lee R. Hunt*
Lee R. Hunt, Esq.