IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN VIGIL

    Plaintiff,

v.                                      Cause No.: 16-CV-00067 JB/LF

THE CITY OF ESPANOLA, and
OFFICER GREG ESPARZA, in his
Official and individual capacities

    Defendants.

## DEFENDANTS' RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION TO REMAND

COME NOW Defendants the City of Espanola and Greg Esparza and for their Response in Opposition to Plaintiff's Motion to Remand this cause to the First Judicial District Court for the State of New Mexico state and argue as follows:

### I. ISSUE

The issue raised in the Motion to Remand [Doc. 11] is whether, and if so when, Defendant Greg Esparza, an Espanola Police Officer, was served with process. Officer Esparza filed his Notice of Removal [Doc. 1] on January 29, 2015. Under 28 U.S.C. § 1446(b). If the Notice was filed within thirty days of service of the Complaint and Summons on Officer Esparza, the case was timely removed. If the Notice was filed more than thirty days after service on Officer Esparza, the removal was untimely and the case should be remanded. Plaintiff did not properly serve Officer Esparza. He never saw the Complaint or Summons until January 26, 2016, and he was not served until January 28, 2016 when his attorneys accepted service on his behalf. [Doc. 1-4]. He filed his Notice of Removal the next day. The case was timely removed to this Court and Plaintiff's Motion to Remand should be denied.

## II. BACKGROUND

The Notice of Removal states:

1. On October 27, 2015, Plaintiff filed a Complaint for Personal Injuries and Civil Rights Violations ("Complaint") with the First Judicial District Court. A copy of the Complaint is attached hereto as **Exhibit A**.

2. Defendant the City of Espanola was served with the Complaint on October 29, 2015. A copy of the Summons and Return of Service are attached hereto as **Exhibit B.**

3. Defendant Greg Esparza has not been served with the Summons or Complaint and had no notice that this action had been filed until January 21, 2016, although a Summons addressed to him and a copy of the Complaint were apparently delivered to a City of Espanola deputy city clerk on October 29, 2016. See **Exhibit C,** attached hereto. Delivering a copy of the Complaint and a Summons directed to an Officer Esparza to a deputy city clerk does not constitute proper service. *Moreno v. Taos County Board of Commissioners,* 778 F.Supp.2d 1139 (D.N.M. 2011).

4. On January 28, 2016, Defendant Greg Esparza, through his undersigned counsel, accepted service of the Complaint. See Entry of Appearance and Acceptance of Service for Defendant Greg Esparza attached hereto as **Exhibit D**.

5. This Notice of Removal is timely as it is filed within thirty (30) days of proper service of the Complaint on Defendant Greg Esparza.

6. All Defendants, by and through undersigned counsel, consent to the removal of this action.

In his Motion to Remand, Plaintiff does not dispute these facts He concedes that no attempt was made to personally serve Officer Esparza and that he was not personally served. Instead, Plaintiff supports his Motion with a process server's affidavit stating that the Complaint and Summons for Officer Esparza were served upon an unnamed agent of the Espanola City Clerk on October 28, 2015, that the City Clerk's office was at a different location that the Police Department, and that that this unnamed agent of the City Clerk told the process server she was authorized to accept service on behalf of individual officers. [Doc. 11, pp. 1-2]. Plaintiff argues

2

that service on the unnamed agent of the City Clerk was proper service on Officer Esparza. This is not the case.

As more fully set out in his Affidavit which is attached hereto as **Exhibit A,** Officer Esparza: (i) was never served with the Complaint or Summons in this case; (ii) was never told by anyone at the Espanola City Clerk's office that they had received a Complaint and Summons addressed to him in this case or that he had been sued by Plaintiff John Vigil; and (iii) never saw a copy of the Complaint and Summons in this case until he met with his lawyer on January 26, 2016.

### III. ARGUMENT

Officer Esparza filed his Notice of Removal on January 29, 2015. If delivery of the Complaint and Summons to the unnamed agent of the City Clerk was proper service on Officer Esparza, the removal was untimely and the case should be remanded. However, if delivery of the Complaint and Summons to the unnamed agent was not proper service on Officer Esparza, the case was timely removed to this Court.

Under New Mexico law, the delivery of a copy of the Complaint and a Summons addressed to Officer Esparza to the unnamed agent of the City Clerk was not proper service. *Edmonds v. Martinez,* 146 N.M. 753, 2009-NMCA-072, 215 P.3d 62. In that case, "service of [the] summons with the petition attached was attempted on [Sheriff] Martinez at the sheriff's department by delivering the summons with a copy of the petition attached to an employee who, on the return of the service, was represented as 'an agent authorized to receive service of process for [Martinez].'… The court filed a writ of replevin and mandamus on November 20. On that same date, service of the writ was also attempted on Martinez at the sheriff's department. Martinez was not in the office at the time, and the paperwork was given to a sergeant, who slid

the papers under the door of Martinez's office." 146 N.M. 753, 755, 2009-NMCA-072, ¶ 4, 215 P.3d 62, 64. The issue in the case was whether Sheriff Martinez had been served. The Court of Appeals held that he had not.

In its opinion, the Court explained that the New Mexico Rules of Civil Procedure lay out a sequence of steps that must be followed when serving process on an individual. First, Rule 1-004(F)(1) NMRA requires service to be attempted on the individual personally. If the individual cannot be personally served, Rule 1-004(F)(2) then requires service to be attempted on "some person residing at the usual place of abode of the defendant" and sent by first class mail to "the defendant's last known mailing address." Only after these two steps have been attempted may Rule 1-004(F)(3) be invoked, which permits a copy of the process to be delivered and mailed to the defendant's "actual place of business or employment." In *Edmonds,* because the threshold steps were never attempted and the Rule was not followed, the Court held that the attempted service on the Sheriff was not valid and it reversed the trial court's order holding him in contempt for failing to obey the writ.

In *Moreno v. Taos County Bd. of Comm'rs,* 778 F. Supp. 2d 1139, 1142-1143 (D.N.M. 2011) the Court denied a motion to remand the case following its removal to the United States District Court. The issue in the case was whether a Sheriff's Deputy had been properly served, thus requiring his consent to removal. Relying on *Edmonds,* the Court held that dropping off service at the County Administration office, which is analogous to what Plaintiff did in this case, was not proper service.

> Deputy Garcia did not file his consent to removal, but if he was not properly served, his consent was not necessary. Cohen v. Hoard, 696 F. Supp. 564, 566 (D. Kan. 1988) (exceptions to the unanimity requirement include "defendants who have not yet been served with process"). In supplemental briefing, the Board argues that service of formal process on Deputy Garcia was insufficient. Service was dropped off with Beverly Armijo at 105 Albright Street,

Suite A, Taos, New Mexico. (Doc. 7-1 at 17). This is the address for the Taos County Administration office, not the Taos County Sheriff's Department, which was Deputy Garcia's employer. A secretary with the Taos County Administration office is not a registered agent for Deputy Garcia. Under New Mexico law, this service of process was insufficient.

Edmonds v. Martinez, 2009 NMCA 72, 146 N.M. 753, 215 P.3d 62, 66 (N.M. Ct. App. 2009), recently made clear that New Mexico rules lay out a hierarchy of methods for service of process on an individual. First, NMRA, Rule 1-004(F)(1) requires service to be attempted on the individual personally. Next, Rule 1-004(F)(2) requires service to be attempted on "some person residing at the usual place of abode of the defendant" and sent by first class mail to "the defendant's last known mailing address." Only then may Rule 1-004(F)(3) be invoked, which permits a copy of the process to be delivered and mailed to the defendant's "actual place of business or employment." Thus, even if service of process were effected at the correct address, which it appears not to have been, service would still be improper without following the requirements of Rule 1-004(F)(1) and (2). Thus, Deputy Garcia's consent to remand was not required.

In the instant case, (i) no attempt was made to personally serve Officer Esparza, (ii) no attempt was made to serve process "on some person residing at the usual place of abode of the defendant," and (iii) no attempt was made to send the Summons and Complaint to Officer Esparza by first class mail to "defendant's last known mailing address." As explained in *Edmonds* and *Moreno,* only after compliance with these initial steps set out in Rules 1-004(F)(1) and (2) would delivering and mailing the complaint and summons to a person's actual place of business pursuant to Rule 1-004(F)(3) constitute proper service. Here, the initial steps were not followed and Plaintiff delivered the Complaint and Summons to the City Clerk's office rather than delivering and mailing them to Officer Esparza at the Espanola Police Department, where he was employed. The City Clerk's office never told Officer Esparza that he had been sued and never gave him the Complaint and Summons. Officer Esparza was not served until his undersigned attorneys accepted service on his behalf on January 28, 2016. [Doc. 1-4]. Officer Esparza filed his Notice of Removal the next day, well within the thirty days allowed by 28 U.S.C. § 1446(b).

In the Motion to Remand, Plaintiff seeks to avoid this result by arguing that since Officer Esparza is sued in both his individual and official capacities, and since and since an official capacity suit is in effect a suit against the City, service on an unnamed person in the City Clerk's office was sufficient under Rule 1-004(H)(1). [Doc. 11, p.3]. This Rule provides that service may be made upon a "municipal corporation by serving a copy of the process on the city clerk." The argument ignores the fundamental facts that Officer Esparza is a person, not a municipal corporation, and that Plaintiff has chosen to sue him individually. Plaintiff cites no authority for the proposition that a person sued in both his individual and official capacities may be served as though here were a municipality and not a person. Plaintiff failed to follow the requirements of Rule 1-004 for serving a person, and Officer Esparza was not served until his attorneys accepted service on his behalf on January 28, 2016.

Lastly, as more fully set out in his Affidavit, Officer Esparza never received a copy of the Complaint or Summons until he met with his lawyer on January 26, 2016. Plaintiff's failure to properly serve Officer Esparza was not merely a technical violation of Rule 1-004. Instead, as a result of Plaintiff's failure to make service as required by the Rule, Officer Esparza never saw the Complaint or Summons until he met with his attorney on January 26, 2016.

Under 28 U.S.C. § 1446(b), Officer Esparza had thirty days after service to remove this action to the United States District Court. Officer Esparza was not served until his attorneys accepted service on his behalf on January 28, 2016. His Notice of Removal was filed the next day, on January 29, 2016. The removal was timely and the Court should deny Plaintiff's Motion to Remand.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ Frank D. Weissbarth*
Frank D. Weissbarth
James P. Sullivan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
*Attorneys for Defendants*
*The City of Espanola and Greg Esparza*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of March, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lee Hunt, Esq.
518 Old Santa Fe Trail, #501
Santa Fe, NM  87505
lee@leehuntlaw.com
*Attorney for Plaintiff*

By: /s/ Frank D. Weissbarth
Frank D. Weissbarth